IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GEORGE KANGES,**

            Plaintiff,                     Case No. CV 08-117-HU

      v.
                                           **FINDINGS AND**
**MICHAEL J. ASTRUE**, Commissioner        **RECOMMENDATION**
of Social Security,

            Defendant.

Tim Wilborn
PO Box 2768
Oregon City, Oregon 97045
      Attorney for plaintiff

Dwight Holton
Acting United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
      Attorneys for defendant

HUBEL, Magistrate Judge:

      The matter before the court is plaintiff's motion for

attorney's fees pursuant to 42 U.S.C. § 406(b) (doc. # 30). The fee

requested is $16,353.50, which counsel represents to be "about

Findings and Recommendation Page 1

24.12%" of the amount awarded as retroactive benefits.[1] Plaintiff's motion is not opposed.

### Procedural Background

Claimant George Kanges brought this action on January 28, 2008, to challenge a ruling by the Commissioner finding Mr. Kanges disabled as of October 5, 2004, but not before. Because Mr. Kanges's insured status for purposes of disability benefits (DI) expired on June 30, 2004, the Commissioner's Administrative Law Judge (ALJ) approved only Mr. Kanges's application for Supplemental Security Income (SSI) benefits, which are not dependent upon the date last insured.

In his opening brief, filed on December 5, 2008, Mr. Kanges asserted that the ALJ's selection of October 5, 2004 as his onset date was arbitrary, because the record showed progressive impairments that made it difficult to establish through medical evidence the precise date the impairment became disabling. Mr. Kanges argued that the ALJ should either have considered his own allegations, work history, and medical or other evidence, using the date alleged by him if it were consistent with all the evidence available or, if the evidence were ambiguous, calling upon the services of a medical expert to determine the proper onset date.

The parties filed a stipulated motion to remand for further administrative proceedings on February 10, 2009. The stipulation provided that the ALJ would 1) for the period prior to October 5,

---

[1] Under 42 U.S.C. § 406(b), the court may award a reasonable fee no more than 25% of the claimant's retroactive award.

Findings and Recommendation Page 2

2004, obtain evidence from a medical expert to clarify the onset date; 2) further evaluate Mr. Kanges's residual functional capacity prior to his date last insured; and 3) if warranted by the expanded record, obtain supplemental vocational expert testimony, and determine whether Mr. Kanges was capable of performing any other work existing in the national economy considering his age, educational, vocational history and residual functional capacity.

### Fee request

The contingent fee agreement between Mr. Kanges and his counsel provides for attorney's fees in the amount of 25% of the retroactive benefits or the amount awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), whichever is greater. Plaintiff's Memorandum, Exhibit 1. Mr. Kanges has been awarded fees under the EAJA in the amount of $5,400.[2] (Doc. # 29) Counsel filed with his EAJA application time sheets showing 31.4 hours expended on the case (doc. # 26). The fee requested here represents an hourly rate of $520.81.

### Standards

In evaluating a request for fees under § 406(b), the court must look to the fee agreement, then test its reasonableness. Crawford v. Astrue, 586 F.3d 1142, 1149 (9th Cir. 2009)(en banc), citing Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). A 25% fee

---

[2] Attorney fees in Social Security cases may be awarded under both EAJA and § 406(b), but the EAJA award offsets the award under § 406(b). Gisbrecht, 535 U.S. at 796. EAJA fees are determined by multiplying an hourly rate, capped by statute at $125.00, by the number of hours spent. Id.; 28 U.S.C. § 2412(d)(2)(A).

Findings and Recommendation Page 3

1  is not automatic: "the statute does not create any presumption in
2  favor of the agreed upon amount." Gisbrecht, 535 U.S. at 807 n. 17.
3  Because the Social Security Administration has no direct interest
4  in how much of the award goes to counsel and how much to the
5  claimant, the district court has an affirmative duty to address the
6  question of whether the contingent fee should be reduced. Crawford,
7  586 F.3d at 1149. See also Gisbrecht, 535 U.S. at 807 (court must
8  review contingent fee arrangements "to assure that they yield
9  reasonable results in particular cases.") The factors to be weighed
10  when considering a reduction include the character of the
11  representation, the results the representative achieved, any delay
12  attributable to the attorney seeking the fee, and whether the
13  benefits obtained were "not in proportion to the time spent on the
14  case." Id. at 808; Crawford, 586 F.3d at 1149.

15      Counsel here undertakes to establish that his fee is
16  reasonable by referring to the *Oregon State Bar 2007 Economic*
17  *Survey*, (Survey) used by judges in this court as a benchmark for
18  determining reasonable hourly rates for attorney fee awards. The
19  Survey reports that attorneys practicing in "other areas" in
20  Portland average $242 per hour. Id. at 31. Counsel argues for an
21  upward adjustment of this benchmark rate, based on the risks of
22  representing claimants in Social Security cases. Counsel asserts
23  that Social Security lawyers have only a 33.52% chance of winning
24  benefits for the claimant, so that an upward adjustment of 2.98
25  (100/33.52) is warranted. Counsel asserts that the Survey also
26  establishes that Portland attorneys spend 15% of their time on
27
28  Findings and Recommendation Page 4

contingency matters, but derive 17% of their income from such cases. Thus, typical Oregon attorneys who take cases on a contingent fee basis "more than make up for their contingency losses, by a factor of 17/15ths." Memorandum, p. 4. This, he contends, justifies an additional multiplier of 17/15 ($244 x 2.98x17/15 = $824.07). On the basis of these calculations, counsel concludes that $824.07 an hour, averaged across all cases in which fees are awarded under § 406(b), would properly compensate claimants' attorneys for the risk of non-payment due to contingency, and place them on an equal footing with the average attorney in the Portland area who takes contingency fee cases.

In addition, counsel notes that the EAJA fee award will offset the fee requested here, with the smaller award being returned to the claimant, so that the total out of pocket cost to Mr. Kanges will be only $10,953.50, a "very reasonable fee for the claimant to pay, inasmuch as the undersigned efforts won for the claimant at least $67,814.00 in retroactive benefits, plus ongoing benefits." Memorandum, p. 6.

Counsel's arguments do little to assist the court in determining the reasonableness of the fee requested. Counsel's analysis is based on a lodestar approach, constructing a proposed reasonable hourly rate and then arguing for upward adjustments of that rate. This is contrary to the instruction of Gisbrecht and Crawford, which is to begin with the fee agreement and then test it for reasonableness by applying the factors identified by these cases for determining whether a reduction is appropriate.

Findings and Recommendation Page 5

1   Further, counsel's analysis fails to comply with the Crawford
2   court's direction that the risk to be considered is that of the
3   "specific case at issue" and not the lawyer's "overall success
4   rate." Similarly, consideration of the success rate of social
5   security appeals in general is inappropriate.

6   I now consider the factors articulated in Gisbrecht and
7   Crawford. Counsel has not carried his burden of demonstrating the
8   reasonableness of the fee sought for the services rendered in this
9   case, as required by Gisbrecht, 535 U.S. at 807.

10   Reduction of a contingency fee is appropriate if the character
11   of the representation is substandard. Gisbrecht, 535 U.S. at 808.
12   Counsel's representation of the claimant in this case was not
13   substandard, so no downward adjustment is required.

14   With respect to the results achieved, counsel represents that
15   the fee sought is "about 24.12% of the retroactive benefits," and
16   that Mr. Kanges received "at least $67,814.00 in retroactive
17   benefits," but does not provide the court with an exact figure of
18   the benefits obtained. Gisbrecht instructs that a fee reduction is
19   appropriate if "the benefits are large in comparison to the amount
20   of time the attorney spent on the case." 535 U.S. at 807. As
21   discussed below, the time spent is mid range of a typical case
22   involving opposition by the government which was not present here.

23   A fee is unreasonable and subject to reduction by the court if
24   the attorney engaged in dilatory conduct in order to increase the
25   accrued amount of past-due benefits. Gisbrecht 535 U.S. at 808;
26   Crawford, 586 F.3d at 1148. I find no indication that counsel was

27
28   Findings and Recommendation Page 6

responsible for any delay, so no downward adjustment on that basis is warranted.

///

I turn now to the question of whether the benefits obtained were in proportion to the time spent on the case. According to counsel's time records, he and another attorney in California, Victoria Chhagan, spent a total of 31.4 hours on the case. Although the administrative record in this case was over 1,000 pages long, making the arguments in favor of an earlier onset date did not require counsel to engage in an extensive review of the record. The opening brief summarizes 18 months of medical records supporting the earlier onset date in half a page, and summarizes six months of mental health records in two pages.

Counsel's time records show that 21 hours were spent on the opening brief, which was 18 pages long. Approximately one and a half pages of the brief is boilerplate on the familiar standard of review and the sequential analysis. The Commissioner conceded that the ALJ's onset date was not supported by the record. Thus, a positive result was achieved with relatively little effort.

In Harden v. Commissioner, 497 F. Supp.2d 1214, 1215 (D. Or. 2007), Judge Mosman observed that "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a Social Security case that does not present particular difficulty." (citing cases). Judge Mosman held that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is

reasonable." Id. at 1216. See also Gill v. Commissioner, CV 07-812-HU (D. Or. December 10, 2008). Although the brief is certainly adequate, it presents nothing of unusual difficulty by way of facts or law. Because the Commissioner conceded a remand after Mr. Kanges filed his opening brief, plaintiff avoided the time and expense of reviewing a government response brief and preparing a reply. As a result, a reasonable amount of time to have spent on this case would be at or below the low end of the 20-40 hour range. I conclude, therefore, that the manner in which counsel achieved the favorable result for Mr. Kanges does not support a fee which represents an hourly rate of $520.81.

The risk assumed by counsel in accepting this case, that no benefits would be awarded, was minimal. See Crawford, 586 F.3d at 1152. Mr. Kanges had already obtained benefits; only the alleged onset date was in dispute. The fact that the Commissioner conceded as soon as the opening brief was filed indicates that success was not much in doubt. The parties stipulated to the remand and to the specific tasks to be performed by the ALJ on remand. This factor warrants a reduction in the fee request.

Applying the Gisbrecht and Crawford factors, I conclude that reduction is appropriate for counsel's failure to meet his burden of demonstrating the reasonableness of the fee request for this particular case; the significant amount of time spent on a case that was simple and limited in scope; the modest effort required to yield a positive result; and the absence of any significant risk of nonpayment. I therefore recommend that the fee request be

Findings and Recommendation Page 8

reduced to 50% of the total requested, or $8,176.75, an hourly rate of $260.41 for the 31.4 hours worked on the case.

## Conclusion

I recommend that plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (doc. # 30) be GRANTED in part, and that a fee of $8,176.75 be awarded.

## Scheduling Order

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 13, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due December 30, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.


Dated this 23rd day of November, 2010.

/s/ Dennis J. Hubel

_____

Dennis James Hubel
United States Magistrate Judge

Findings and Recommendation Page 9