IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


GEORGE KANGES,                                    08-CV-117-HU

       Plaintiff,                            ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


**TIM D. WILBORN**
Wilborn Law Office, P.C.
Tim Wilborn, Attorney at Law
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

       Attorneys for Plaintiff

1   -   ORDER

**DWIGHT HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158


**DAVID MORADO**
Regional Chief Counsel
**FRANCO L. BECIA**
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2114

        Attorneys for Defendant


**BROWN, Judge.**

    On November 23, 2010, Magistrate Judge Dennis J. Hubel issued Findings and Recommendation (#34) in which he recommends the Court grant in part Plaintiff's Unopposed Motion (#30) for Attorneys Fees pursuant to 42 U.S.C. § 406(b) and award Plaintiff's counsel $8,176.75 in attorneys' fees.  Plaintiff filed timely Objections to the Findings and Recommendation. Plaintiff's counsel specifically objects to the Magistrate Judge's recommendation for the Court to reduce Plaintiff's request for attorneys' fees to an award of $8,176.75 rather than the $16,353.50 requested.

    The matter is now before this Court pursuant to 28 U.S.C.

2   -   ORDER

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

**I.   Standards**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense." *Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which

3   -   ORDER

fees are set for successfully representing Social Security benefits claimants in court."  *Id*. at 807.  Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S. at 807.

The Ninth Circuit noted in *Crawford v. Astrue* that § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'"  586 F.3d 1142, 1152 (9th Cir. 2008)(quoting *Gisbrecht*, 535 U.S. at 808).  In *Crawford* the Ninth Circuit reinforced the factors set out by the Supreme Court in *Gisbrecht* that district courts should test to determine the reasonableness of the contingent-fee amount:  (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in

accepting the case.  *Crawford*, 586 F.3d at 1151-52.

## II.  Analysis

The Magistrate Judge recommends reducing Plaintiff's requested attorneys' fees by 50% from the requested amount of $16,353.50 to $8,176.75, which is the equivalent of roughly twelve percent of the $67,814 in past-due benefits that counsel secured for Plaintiff.

As noted, Plaintiff's counsel bears the burden of demonstrating the reasonableness of the attorneys' fees requested under § 406(b).  The Magistrate Judge, however, found Plaintiff's briefing "do[es] little to assist the court in determining the reasonableness of the fee requested" because counsel's analysis is "based on a lodestar approach" rather than an appropriate analysis of the factors set out in *Gisbrecht* and *Crawford*.

### A.  Findings and Recommendation.

Although the Magistrate Judge recommends reducing the agreed-upon contingency-fee of 25% of Plaintiff's recovered benefits, the Magistrate Judge did not find the representation by Plaintiff's counsel was substandard nor that Plaintiff's counsel engaged in dilatory conduct.  In fact, the Magistrate Judge points out that Plaintiff's counsel was able to secure a stipulated remand for further proceedings.

At the outset, the Magistrate Judge noted Plaintiff's counsel failed to provide "an exact figure of the benefits

5   -   ORDER

obtained." In addition, the Magistrate Judge found Plaintiff's counsel did not satisfy the last two *Crawford* factors by showing (1) the contingency fee for counsel's representation is not out of proportion with the benefits obtained for Plaintiff and (2) this matter represented significant risk for Plaintiff's counsel.

Although Plaintiff's counsel stated they spent 31.4 hours performing work that ultimately resulted in recovering $67,814 in past-due benefits for Plaintiff, Plaintiff's counsel only submitted the contingency-fee agreement and a letter from the Social Security Administration (SSA) dated January 17, 2010, regarding the amount the SSA withheld from Plaintiff's award ($16,953.50) to account for the continency-fee agreement (25% of past-due benefits recovered). Nonetheless, the Court can calculate from those figures that the benefits recovered for Plaintiff equal $67,814.

The Magistrate Judge found 20-40 hours is a reasonable range of time for Social Security appeals that do not present unusual difficulties of fact or law. Nevertheless, the Magistrate Judge concluded a reduction from the contingency-fee agreement was appropriate on the grounds that the scope of this matter was limited to whether Plaintiff's disability onset date had been appropriately determined, did not otherwise present difficult factual or legal issues, and was remanded by stipulation without need for Plaintiff to file a reply. In addition, the

6   -   ORDER

Magistrate Judge found the fact that Plaintiff's counsel assessed the risk of accepting Social Security appeals in general instead of the risk of accepting the "specific case at issue" was "inappropriate." The Magistrate Judge, therefore, concluded the 31.4 hours expended by Plaintiff's counsel in this matter were unreasonable under these particular circumstances.

**B.  Objections.**

Plaintiff's counsel objects to the Magistrate Judge's Findings and Recommendation on the following grounds insofar as the Magistrate Judge recommends a reduction of the amount of attorneys' fees owed to Plaintiff's counsel under the contingency-fee agreement:  Plaintiff's counsel contend the Magistrate Judge erred by finding (1) Plaintiff did not provide an "exact figure of the benefit obtained"; (2) the assessment of Plaintiff's counsel as to the risk of the acceptance of Plaintiff's representation on a contingent basis was general and not specific to this matter; and (3) counsel's assessment of the reasonableness of the fee by comparing the effective hourly rate under the contingency-fee agreement to the average Portland hourly rate multiplied by the risk of accepting Social Security cases was inappropriate.

**1.  Benefit Obtained.**

Plaintiff objects to the Magistrate Judge's finding that Plaintiff's counsel did not provide "an exact figure" of the

7   -   ORDER

benefit obtained for Plaintiff.  In Plaintiff's Memorandum in Support of his Unopposed Motion for Attorneys' Fees, however, Plaintiff's counsel stated they had secured a benefit to Plaintiff of "at least $67,814.00" in past-due benefits. Plaintiff's counsel now points out that even though the letter from the SSA submitted with the Memorandum did not specifically state the exact benefit amount, the Court can, as noted, calculate the benefit amount from the letter based on the amount SSA withheld to satisfy the 25% contingency-fee agreement.  Thus, even though Plaintiff's counsel did not submit a copy of the Notice of Award as required by Local Rule 4000.8, the Court is satisfied the record establishes the exact amount of past-due benefits that Plaintiff's counsel recovered for Plaintiff in this matter is $67,814.00.  In any event, the Court agrees Plaintiff's counsel should have made an explicit showing of the exact benefit amount, which would have obviated this issue.

       **2.**       **Consideration of the Risk of Not Prevailing on Social Security Appeals as a Basis for Assessing Reasonableness.**

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's consideration of the general risks associated with accepting representation of clients for Social Security appeals is inappropriate.  In reviewing the Memorandum in Support of the Motion for Attorneys' Fees, the Court concludes Plaintiff's counsel assessed the risk associated with

8   -   ORDER

representing Plaintiff in this matter both generally and specifically. In particular, Plaintiff's counsel stated:

> In any case where the undersigned attorney agrees to appeal to federal court (including this case), there is a substantial risk of non-payment and there always is a significant delay in payment.[2] Indeed, work on this case began on 12/16/07, and payment likely will have been delayed for at least 2½ years from that date before the contingent fees will be received. Other high risk factors included an expired insured status (6/30/04), a lack of contemporaneous evidence establishing a firm onset date, the fact that the undersigned's primary arguments centered around the credibility of "excess symptoms," and the fact that the undersigned was unable to obtain the full exhibit file for review at the intake stage (and thus had to accept the case without knowing what adversities might be lurking in the file). Even after obtaining a remand for further proceedings, there was a high risk of loss and delay, as the case was returned to the Office of Disability Adjudication and Review, which is known for long delays and repeat adverse decisions issued by ALJs. In sum, the risk of non-payment or delayed payment herein was huge. On that basis, the contingency fee agreement was reasonable.
>
> FN2. Even if a case proceeds without any delay and benefits are ordered by the court without a remand for additional proceedings, it takes approximately two years from acceptance of a case until a fee is paid under § 406(b): The typical Oregon SSD case seems to take about 14 months from Complaint to Judgment, then several more months for an award letter to be issued by Social Security, several more weeks for the court to issue a fee order, and several more months for Social Security to send the attorney the fee. This virtually never would add up to less than two full years of delay in payment. As the *Crawford* court noted (slip op. at 14880),

9  -  ORDER

>   this is delay which needs to be considered
>   when determining whether the contingency fee
>   agreement was reasonable, and it warrants an
>   increase in the amount of the fee.

In the Objections, Plaintiff's counsel again elaborated on the risks associated with this particular case. Plaintiff's counsel also argued full respect for contingency-fee agreements in Social Security cases is essential to ensure counsel are paid fair fees for their services.

The Ninth Circuit noted in *Crawford* that practitioners who serve claimants seeking Social Security benefits face significant risks of protracted litigation; multiple remands and appeals; and, at best, a long delay of payment or, at worst, nonpayment. 586 F.3d at 1149-52. The Court concludes such risks were present in this matter as set out by Plaintiff's counsel and does not find any particular basis in *Gisbrecht* or *Crawford* to conclude that consideration of the general risks associated with accepting representation of clients for Social Security appeals is inappropriate. Because Plainitff's counsel also assessed in the Motion for Attorneys' Fees the specific risks associated with acceptance of this particular case, the Court concludes the record is adequately supported as to this issue.

> **3. Consideration of Lodestar Calculations and Risk as a Basis for Determining the Reasonableness of the Contingency Fee.**

Plaintiff also objects to the Magistrate Judge's determination that Plaintiff's assessment of the reasonableness

10 - ORDER

of the contingency fee was of little use and was contrary to the instructions of the *Gisbrecht* and *Crawford* courts to begin with the contingency fee and to test it for reasonableness rather than beginning with the lodestar amount and arguing for an enhancement of that amount.

In the Memorandum in Support of Plaintiff's Motion for Attorneys' Fees, Plaintiff's counsel analyzes the reasonableness of the contingency fee by comparing the hourly rate that results from the contingency-fee agreement ($16,353.50 representing 25% of the award divided by the 31.4 hours expended on this matter, which yields an effective hourly rate of $520.81) with an hourly rate that accounts for the risk of nonpayment associated with Social Security appeals.  To calculate the hourly rate that accounts for the risk of nonpayment, Plaintiff's counsel begins with the 2007 Economic Survey of Oregon attorneys performed by the Oregon State Bar (which reflects an average hourly rate in Portland, Oregon, of $244) multiplied by a factor of 2.98 (which represents the 33.52% chance of winning a Social Security appeal[1]), and multiplied again by the average Portland attorney's hours-to-income ratio for contingency matters (an average of 15% of attorney time on contingency matters yields 17% of attorneys'

---

[1] Plaintiff cites to a National Organization of Social Security Claimants' Representatives Report from April 2008 to support this figure.

11 - ORDER

income[2]).  Thus, Plaintiff's counsel contends an hourly rate that would actually account for the risk of loss and the average contingency-enhanced rate would be $824.07 per hour ($244 x 2.98 x 17/15), which would be required to place counsel on an equal footing with the average attorney in Portland, Oregon. Accordingly, Plaintiff contends the effective hourly rate in this case is not a basis for finding the contingency fee to be unreasonable.[3]

After reviewing Plainitff's arguments *in toto*, this Court concludes Plaintiff's counsel merely offered the lodestar analysis as an additional means of demonstrating the reasonableness of the contingency-fee agreement.  Such an approach is not foreclosed by *Gisbrecht* or *Crawford*.  As the *Crawford* court noted, "[t]he Supreme Court did acknowledge that the district court could consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee."  568 F.3d at 1151.

**C.    Reasonableness of the Contingency-Fee Agreement.**

The Magistrate Judge concluded 20-40 hours is a reasonable

---

[2] 1998 Economic Survey of Oregon attorneys performed by the Oregon State Bar .

[3] Plaintiff cites numerous cases from this District in which the effective hourly rate exceeds the $520.81 effective rate in this case. *See, e.g., Heim v. Comm'r of Soc. Sec.*, 08-CV-118-HO ($942.25); *Scott v. Comm'r of Soc. Sec.*, 04-CV-1671-JE ($768.76); and *Campbell v. Comm'r of Soc. Sec.*, 04-CV-836-ST ($531.05).

benchmark for attorney time spent on routine Social Security appeals.  The Court does not disagree with that general benchmark and notes the 31.4 hours expended by Plaintiff's counsel in this matter falls in the middle of that range.  The Court also notes Plaintiff's counsel had to review a record in excess of 1300 pages to determine the imprecise legal issue of the onset of Plaintiff's physical and mental impairments and to determine whether the ALJ arbitrarily determined the onset date.  Plaintiff's Opening Brief is well-crafted, relies on Plaintiff's medical records drawn from an extensive record, and comprehensively addresses the law with respect to the assessment of a claimant's onset date.  Ultimately the thorough analysis of Plaintiff's counsel persuaded the Commissioner that the ALJ had erred and led to the negotiation of a stipulated remand with instructions for the ALJ to conduct further proceedings.  Although the legal question in this matter was limited in scope, it should also be noted that Social Security matters involve intense scrutiny of the factual record in each case to establish a claimant's eligibility for Social Security benefits.  On this record the Court concludes the 21 hours spent by Plaintiff's counsel to draft the 18-page Opening Brief were not excessive or unreasonable in light of the size of the record and the benefit to Plaintiff that resulted from counsel's representation.

Although the Magistrate Judge concluded a reduction from the

13 -  ORDER

contingency-fee agreement is warranted because the "fact that the Commissioner conceded as soon as the opening brief was filed indicates that success was not much in doubt," the Court concludes reasonable minds could differ on that issue.  The parties reached a stipulation more than two months after Plaintiff's Opening Brief was filed and after the Court granted the Commissioner an extension to permit the parties an additional 30 days to engage in settlement discussions.  These facts suggest to the Court something more than a "modest effort [was] required to yield a positive result."  The only formal filing that Plaintiff's counsel avoided by settling this matter was the necessity of filing a reply.

Finally, the Court notes the Commissioner did not oppose Plaintiff's Motions for Attorneys' Fees as unreasonable under either EAJA or § 406(b).

On this record the Court concludes Plaintiff's counsel have now met their burden to show that the 25% contingency fee is reasonable in light of the particular circumstances of this case, the clarifications and additional support provided by Plaintiff's counsel in the Objections, the Supreme Court's holding in *Gisbrecht*, and the Ninth Circuit's opinion in *Crawford* setting out the factors to consider.  The Court concludes the time spent and the work performed by Plaintiff's counsel is not disproportionate to the benefits of $67,814 recovered by counsel for

Plaintiff.  In addition, the Court notes it previously found the amount of time spent by Plaintiff's counsel was reasonable when the Court granted Plaintiff's application for $5,400 in EAJA fees, which will be offset against Plaintiff's award under § 406(b).

Although the Court now approves the contingency-fee award sought by Plaintiff's counsel based on the briefing that Plaintiff's counsel submitted in the Objections to the Magistrate Judge's Findings and Recommendation, the Court agrees with the Magistrate Judge's admonishment to counsel that § 406(b) requests must conform to the requirements of the Local Rules and those set out in *Gisbrecht* and *Crawford*.  Counsel cannot ignore the *Gisbrecht* and *Crawford* factors and merely recite a mathematical assessment of the need for contingency-fee awards to be in excess of the average hourly rates for noncontingency-fee work.

In summary, the Court concludes on this amplified record that Plaintiff's counsel have now met their burden to demonstrate the reasonableness of the 25% contingency-fee award.  The Court, therefore, declines to adopt the Findings and Recommendations to the extent that the Magistrate Judge recommends reducing Plaintiff's requested attorneys' fees.  Accordingly, the Court grants Plaintiff's Motion.

## CONCLUSION

For these reasons, the Court **ADOPTS in part** the Findings and Recommendation (#34), **GRANTS** Plaintiff's Unopposed Motion (#30) for Attorneys Fees pursuant to 42 U.S.C. § 406(b), and **AWARDS** Plaintiff's counsel **$16,353.75** in attorneys' fees **less the $5,400** already received in EAJA fees.

IT IS SO ORDERED.

DATED this 18th day of March, 2011.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

16 - ORDER